212-714-1264

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
STEPHEN McPARTLAND,

          Plaintiff,    Docket No. 02 CV 6626

 -against-            **FIRST AMENDED**
                  **STIPULATION**
MARK R. BASILE, MARY M. MARTI,    **OF SETTLEMENT**
MARTI & BASILE, P.C., ALLAN L. PULLIN,
WEBER, PULLIN & CARBO, LLP, and
WEBER & PULLIN, LLP,

          Defendants.
---------------------------------------------------------------X

  IT IS HEREBY STIPULATED, CONSENTED, AND AGREED, by and between Stephen McPartland ("McPartland"), Mark R. Basile ("Basile"), Schwartz & Ponterio, PLLC (Schwartz & Ponterio"), and Siller Wilk LLP ("Siller Wilk") as follows:

  1.  In full settlement of all of McPartland's claims and causes of action in this lawsuit, and in full settlement of all claims arising from any breach by Basile of his obligations under the Stipulation of Settlement dated May 2, 2005, McPartland agrees to acquire from Basile, and Basile agrees to transfer to McPartland, free and clear of any encumbrances whatsoever, 100,000 shares (the "Shares") of bioMETRX, Inc. ("bioMETRX") distributable upon direction of McPartland as follows: (i) 66,667 Shares of bioMETRX to McPartland; (ii) 18,985 Shares of bioMETRX to Schwartz & Ponterio; and (iii) 14,349 Shares of bioMETRX to Siller Wilk.

  2.  McPartland hereby waives any right to any further payment under the May 2, 2005 Stipulation of Settlement.

3. In exchange for the transfer of the Shares, McPartland shall deliver to Basile an executed release (the "Release") in the form annexed as Exhibit A.

4. Basile shall deliver the Shares within ten (10) days of the execution of this Stipulation by delivering three separate certificates representing the number of Shares to be received by each party herein to Schwartz & Ponterio. Schwartz & Ponterio shall hold the certificates in escrow pending delivery of the Release to Basile. Upon delivery of the release, Schwartz & Ponterio shall deliver the certificates to McPartland, Siller Wilk, and itself.

5. Limitation on Sale of Shares: For so long as McPartland, Schwartz & Ponterio, and Siller Wilk hold the Shares, they each agree that they will not sell more than their respective Designated Monthly Limit (defined below) of Shares in any given thirty-day period unless the average daily volume of the bioMETRX stock reaches 20,000 shares for a 10-day period. Once the average daily volume of the bioMETRX stock reaches 20,000 shares over any 10-day period, there shall be no further limitation on the number of shares that may be sold by McPartland, Schwartz & Ponterio, and/or Siller Wilk. The Designated Monthly Limit for each party shall be: (i) 6,667 Shares for McPartland; (ii) 1,898 Shares for Schwartz & Ponterio; and (iii) 1,435 Shares for Siller Wilk. For so long as McPartland, Schwartz & Ponterio, and Siller Wilk hold the Shares and a Designated Monthly Limit applies, McPartland, Schwartz & Ponterio, and Siller Wilk shall provide Basile with copies of their brokerage statements showing the status of the bioMETRX Shares (all other material identifying other assets may be redacted from the statements). Failure to provide the monthly statement will delay the right or such party to sell his or its shares until such party provides such statement.

6. Representations and Warranties of Basile. Basile represents and warrants to McPartland, Schwartz & Ponterio, and Siller Wilk as follows: (i) bioMETRX is a corporation duly organized, validly existing and in good standing; (ii) Basile has full power and authority to enter into this Stipulation, to perform his obligations hereunder; (iii) Basile is the lawful owner of the Shares, free and clear of any encumbrances, security interests, or liens of any kind and has full power and authority to sell and transfer the Shares as contemplated in this Stipulation; (iv) Basile is not a party to any agreements that create rights or obligations in the Shares relating to any third party including voting or stockholder agreements; (v) there are no outstanding subscriptions, options, rights (including "phantom stock rights"), warrants, calls, commitments, understandings, arrangements, plans, or other agreements of any kind to acquire any Shares from Basile and there are no agreements or understandings with respect to the sale or transfer of any Stock; (vi) Basile has complied and is in compliance with all applicable foreign, federal, state, and local laws, statutes, licensing requirements, rules, and regulations, and judicial or administrative decisions applicable to the transaction; and (vii) neither the execution and delivery of this Stipulation, nor compliance with the terms and provisions hereof and thereof, including without limitation, the consummation of the transactions contemplated hereby and thereby, will violate any statute, regulation, or ordinance of any governmental authority, or conflict with or result in the breach of any term, condition, or provision of its Articles of Incorporation or Bylaws of bioMETRX, as presently in effect, or of any agreement, deed, contract, mortgage, indenture, writ, order, decree, legal obligation, or instrument to which Basile is a party or by which it is or may be bound, or constitute a default (or an event which, with the lapse of time or the giving of notice, or both, would constitute a default) thereunder.

7. Survival of Representations and Warranties. Except as expressly provided elsewhere herein, all representations and warranties contained herein shall survive the execution and delivery of this Stipulation and the closing of the transactions contemplated hereby for a period of two years.

8. In the event of a default by Basile of any of his obligations under this Stipulation, McPartland, by his attorneys, shall be entitled to send a written notice of default to Basile by Federal Express (or other overnight delivery) to the address below. In the event such default is not remedied within 7 business days of the service of the notice of default, such default shall be deemed an uncured default and;

    a. McPartland, Schwartz & Ponterio, and Siller Wilk shall be entitled, without notice, to enter judgment against Basile in this action for full performance of his duities under this Stipulation;

    b. McPartland, shall be entitled, without notice, to enter judgment against Basile in this action for $50,000; and

    c. Basile further agrees to pay all costs and attorneys' fees incurred by McPartland in connection with his efforts to enter judgment, enforce this Stipulation, secure transfer of the Shares, and collect the balance due under this Stipulation following the default.

9. Any notice or communication required or permitted hereunder shall be in writing and sent by regular mail and by Federal Express (or other overnight delivery - and shall be effective once sent) addressed as follows:

Notices to Basile shall be made to:

Mark R. Basile

4

736 Carlisle Road
Jericho, New York 11753

Notices to McPartland and Schwartz & Ponterio shall be made to:

Matthew F. Schwartz, Esq.
Schwartz & Ponterio, PLLC
134 West 29th Street – Suite 1006
New York, New York 10001

Notices to Siller Wilk shall be made to:

Jack Wilk, Esq.
Siller Wilk LLP
675 Third Avenue
New York, New York 10017

10. Except as provided for herein, this settlement is without costs or attorneys' fees to any party as against the other, each party agreeing to pay their own attorneys' fees and expenses.

11. Basile and McPartland acknowledge that, by signing this Stipulation and related documents, they will have fully and irrevocably released any and all claims they may have against each other, except for claims resulting from a breach of this Stipulation.

12. This Stipulation, and the documents to be delivered hereunder, constitute the entire agreement of the parties and supersede all prior agreements and understandings, written or oral, with respect thereto and are made without reliance on any statements or representations not contained herein, the making of any such statements or representations being specifically denied. Any amendment to, or waiver of, any provision of this Stipulation must be agreed in writing by each of the parties hereto.

13. This Stipulation is the result of negotiations between the Parties hereto. In construing this Settlement Agreement, or in determining the rights of the parties hereto, no party

5

shall be deemed to have solely drafted or created this Settlement Agreement.

14. This Stipulation may be executed in counterparts and will take effect once it is fully executed together with the Stock Option Agreement and the General Releases. A fax copy of a party's signature shall be sufficient.

15. The Parties further agree that the United States District Court shall have continuing jurisdiction over this matter and shall have jurisdiction to resolve any disputes arising from a breach of this Stipulation.

Dated: New York, New York
       June ____, 2006

_____          _____
STEPHEN McPARTLAND                        MARK R. BASILE


SCHWARTZ & PONTERIO, PLLC                SILLER WILK LLP

By: _____              By: _____
    MATTHEW F. SCHWARTZ                      JACK WILK


SO ORDERED: _____

6

shall be deemed to have solely drafted or created this Settlement Agreement.

14. This Stipulation may be executed in counterparts and will take effect once it is fully executed together with the Stock Option Agreement and the General Releases. A fax copy of a party's signature shall be sufficient.

15. The Parties further agree that the United States District Court shall have continuing jurisdiction over this matter and shall have jurisdiction to resolve any disputes arising from a breach of this Stipulation.

Dated: New York, New York
       June ____, 2006

_____          _____
STEPHEN McPARTLAND                MARK R. BASILE


SCHWARTZ & PONTERIO, PLLC         SILLER WILK LLP

By: _____      By: _____
    MATTHEW F. SCHWARTZ               JACK WILK


SO ORDERED: _____

6